**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1175

JACQUELINE VALLE-VASQUEZ; A.P.V.R.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: December 19, 2023                    Decided: December 21, 2023

Before HARRIS, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Victor E. Legorreta, Michael E. Rosado, LAW OFFICES OF MICHAEL E. ROSADO, P.C., Laurel, Maryland, for Petitioners. Brian Boynton, Principal Deputy Assistant Attorney General, Julie M. Iversen, Senior Litigation Counsel, Robert Michael Stalzer, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jacqueline Valle-Vasquez and her minor daughter, A.P.V.R., natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's decision denying Valle-Vasquez's applications for asylum and withholding of removal.[1]  We deny the petition for review.[2]

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments pressed on appeal in conjunction with the record and the relevant authorities.  We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's dispositive ruling, affirmed by the Board, that Valle-Vasquez failed to establish the requisite nexus between the claimed protected ground and the asserted past persecution or the feared future persecution, *see Toledo-Vasquez v. Garland*, 27 F.4th 281, 287-91 (4th Cir. 2022) (reiterating that not every threat that relates to a noncitizen's "family member is made on account of family ties" and that "the nexus requirement is primarily about the

---

[1] Although Valle-Vasquez argues that the agency erred in not considering if A.P.V.R. could assert an independent claim for relief, the record confirms that counsel advanced A.P.V.R. as a rider on Valle-Vasquez's application.  *See* 8 U.S.C. § 1158(b)(3). We thus discern no error in this regard.

[2] We observe that Valle-Vasquez has forfeited review of the denial of relief under the Convention Against Torture by failing to raise that issue in her brief in this court.  *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs).

persecutor's reasons for targeting an individual" (internal quotation marks omitted)); *Cedillos-Cedillos v. Barr*, 962 F.3d 817, 824-26 (4th Cir. 2020) (explaining that, in conducting substantial evidence review of the agency's nexus determination, this court "is limited to considering whether their conclusion is supported by reasonable, substantial, and probative evidence" (internal quotation marks omitted)). *See generally Velasquez v. Sessions*, 866 F.3d 188, 195-96 (4th Cir. 2017) (recognizing the established principle that "the asylum statute was not intended as a panacea for the numerous personal altercations that invariably characterize economic and social relationships" and distinguishing the type of personally motivated conflicts that generally "fall[ ] outside the scope of asylum protection" (cleaned up)).

Accordingly, we deny the petition for review. *See In re Valle-Vasquez* (B.I.A. Jan. 18, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*